# ANDERSON KILL & OLICK, P.C.

Attorneys and Counsellors at Law

1251 AVENUE OF THE AMERICAS ■ NEW YORK, NY 10020
TELEPHONE: 212-278-1000 ■ FAX: 212-278-1733
www.andersonkill.com

J. Andrew Rahl, Jr., Esq.
(212) 278-1469
arahl@andersonkill.com

*By Facsimile and Federal Express*

March 7, 2006

The Honorable John P. Fullam
United States District Court for the
Eastern District of Pennsylvania
15614 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

    Re:   In re Owens Corning, et al. ("Debtors")
           Case Nos.: 00-3837 through 3854 (JKF)
           (Jointly Administered)
           District Court Case No. 1:06-cv-00144-JPF
           <u>Adversary Proceeding No. 06-50122 (JKF)</u>

Dear Judge Fullam:

      We are counsel for the Official Representatives (the "Official Representatives") of the bondholders and trade creditors of Owens Corning Corporation ("OCD") and certain of its subsidiaries (collectively, the "Debtors"). As the Court may be aware, the Official Representatives filed a motion in this Court for withdrawal of the reference to the Bankruptcy Court (the "Withdrawal Motion") of an adversary action filed there captioned "The Official Representatives of the Bondholders and Trade Creditors of Debtors Owens Corning, *et al.*, Plaintiffs, v. Credit Suisse First Boston, individually and in its capacity as Agent, *et al.*, Bank Defendants, and IPM, Inc., *et al.*, Affiliate Non-Debtor Defendants" (the "Subordination Adversary Action").

      As noted in the Withdrawal Motion, the Subordination Adversary Action pertains to the same facts and circumstances, and most of the same evidentiary record, which pertains to another adversary proceeding commenced by the Debtors in 2002, which is already pending in this Court (Adv. Pro. No. 02-05829) (the "Bank Adversary Action"). The Bank Adversary Action seeks, among other things, to avoid as fraudulent conveyances the obligations of the Debtors' subsidiary guarantors to OCD's prepetition lenders (the "Banks"). The goal of both adversary actions is to achieve the same result -- by means of different, yet conventional and long standing legal theories -- that would have obtained had the Third Circuit Court of Appeals sustained this Court's substantive consolidation ruling.

NYDOCS1-814493.1

New York ■ Chicago ■ Greenwich ■ Newark ■ Philadelphia ■ Washington

**Anderson Kill & Olick, P.C.**

The Honorable John P. Fullam

March 7, 2006
Page 2

      In footnote "1" of the Memorandum Of Law Of The Official Representatives Of The Bondholders And Trade Creditors In Reply To Debtors' And Banks' Opposition To Motion To Withdraw Reference Of Subordination Adversary Action (No. 06-50122 (JKF)), the Official Representatives noted that the Banks' opposition to the Withdrawal Motion was filed one day late and that, because the Official Representatives had only two days to consider the Banks' opposition before filing their reply (when, under this Court's scheduling order, they should have had five days to do so), the Official Representatives asked the Court to disregard the Banks' opposition.

      In response to a protest from the Banks' counsel, we have now determined that while the Banks' opposition was not timely filed in the Subordination Adversary Action, a copy of it in fact was hand delivered to local counsel in a timely fashion, unbeknownst to the undersigned. (Apparently, the Banks mistakenly filed their opposition on the correct date only in the Bank Adversary Action, and did not file it in the Subordination Adversary Action until the following evening.) In light of the foregoing, counsel to the Official Representatives accordingly withdraws its request that the Court disregard the Banks' opposition to the Withdrawal Motion. If the Court should determine that matters asserted in the Banks' opposition raise issues which the Official Representatives did not address in their reply, the Official Representatives respectfully request the Court's indulgence in being afforded a further opportunity to do so in light of the forgoing circumstances.

      Thank you for your kind attention.

      Respectfully submitted,

      J. Andrew Rahl, Jr.

JAR

cc:    Judy G.Z. Liu, Esq. (by email)
       Charles O. Monk, II, Esq. (by email)
       Henry R. Abrams, Esq. (by email)